FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

97 FEB 24 AM 9:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARSHALL COUNTY )
COMMISSION, et al., )
    )
    )
Plaintiffs, )
    )
    )
vs. ) CV 96-PT-3197-M
    )
TITAN INDEMNITY )
COMPANY, INC., and BANKS, )
WEAVER & YOUNG, INC., )  **ENTERED**
    )
Defendants. ) FEB 2 4 1997

---

## Memorandum Opinion

---

    This cause comes on to be heard on a motion to remand filed on December 30, 1996 by the plaintiffs, the Marshall County Commission ("Commission"), William Strickland ("Strickland") and Steve Guthrie ("Guthrie"). The plaintiffs contend that the sole basis upon which this court's jurisdiction is premised, diversity of citizenship, is absent because Banks, Weaver & Young, Inc., ("Banks") is an Alabama corporation and the plaintiffs are all Alabama residents. The defendants, Titan Indemnity Company, Inc., ("Titan") and Banks assert that the joinder of Banks is fraudulent.

    On a motion for remand, the court must determine whether at the time that the action was filed or at the time the action was removed, diversity of citizenship existed. Kellam v. Keith, 144 U.S. 568 (1892). Even if diversity of citizenship is not apparent because of the existence of a

20

seemingly non-diverse party, a removing defendant

> ... may nevertheless prevail on this issue if it shows that the joinder of the non-diverse defendants was fraudulent. The burden of proving these allegations rests on ... the removing party. Yawn v. Southern Railway Co., 591 F.2d 312, 316 (5th Cir.), cert. denied, 442 U.S. 934 (1979); see Nunn v. Feltinton, 294 F.2d 450, 453 (5th Cir.1961), cert. denied, 369 U.S. 817 (1962). In order to establish that a fictitious resident defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Keating v. Shell Chemical Co., 610 F.2d 328 (5th Cir.1980); Tedder v. F.M.C. Corp., 590 F.2d 115 (5th Cir.1979); Bobby Jones Garden Apartments v. Suleski, 391 F.2d 172, 177 (5th Cir.1968); Parks v. New York Times Co., 308 F.2d at 478. Both parties may submit affidavits and deposition transcripts. See B., Inc. v. Miller Brewing Co., 663 F.2d at 549. The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. Bobby Jones Garden Apartments, 391 F.2d at 177. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. Id.; Parks v. New York Times Co., 308 F.2d at 477-78.

Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983).

## Facts

Fearing potential liability from the actions of a multi-governmental county-wide drug unit working in Marshall County ("the unit"), the Commission allegedly inquired of Banks whether Titan could provide coverage for the acts of that unit under (apparently) its existing policy or whether the Commission would be required to obtain a new policy for the unit. The plaintiffs aver that Banks, after contacting Titan, informed the Commission that the unit and its officers could be covered under the then-existing policy. However, the plaintiffs allege, Banks did not inform them that to secure the coverage, the policy's declarations would need to be changed to make the unit a named insured.

The policy at Part III.D.6, under the heading "WHO IS INSURED" states:

Each of the following is an insured, but only for acts within the scope of their duties for you:

> 6. No person or organization is an insured with respect to the conduct of any partnership, joint venture, multi-jurisdictional law enforcement organization or multi-jurisdictional penal institution that is not shown as a named insured in the declarations.

When later a lawsuit was filed against Strickland and Guthrie, Titan refused to defend them.

2

## Analysis

The plaintiffs first assert that a fraudulent misrepresentation claim is stated against Banks.[1] The defendants argue that a claim cannot be stated as a matter of law because the Commission could not have justifiably relied upon Banks's unqualified representation that the unit would be covered under Marshall County's policy. Second, maintain the defendants, Banks's representation of coverage was not false, given that Part III.D.6 of the policy stated that the unit would have to be named in the policy's declaration. Finally, the defendants contend, any representations made by Banks are not actionable because of the parol evidence rule.

The defendants argue that the Commission could not have justifiably relied on the statements of Banks that the policy would cover the unit. To support this position, the defendants cite Torres v. State Farm Fire & Cas. Co., 438 So.2d 757, 759 (Ala. 1983), which stated:

> Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover. Bedwell Lumber Co. v. T & T Corporation, 386 So.2d 413, 415 (Ala.1980). "If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volunti non fit injuria'." Munroe v. Pritchett, 16 Ala. 785, 789 (1849). . . .
> We opine that, under the circumstances, the plaintiffs failed to exercise ordinary diligence in relying for so long on Ms. Hawkins's statement, when they received nothing from State Farm indicating that flood coverage had gone into effect.

The defendants contend that because the Commission never reviewed the policy after being informed by Banks of coverage of the unit that, like the plaintiff in Torres, it was inattentive to its interests and failed to exercise reasonable precaution to safeguard those interests. Therefore, state the defendants, the plaintiffs cannot state a misrepresentation claim against Banks.

The plaintiffs respond that the instant case bears more factual similarity to Connell v. State Farm Mutual Auto Ins. Co., 482 So.2d 1165 (Ala. 1985):

> Under the facts of this case, reasonable men could differ on the issue of whether Connell was justified in his reliance. The evidence shows that Connell informed Davis that he specifically wanted insurance that would pay disability benefits in addition to workmen's compensation recovery. Davis told Connell he had a policy which would do that. Connell relied on this

---

[1] The court does not reach the issue of untimely removal.

representation by Davis. Subsequently, the insurance company sent the amendment form to Connell for his signature, listing two changes—payment for a 5-year maximum rather than until age 65, and issuance of the optionally renewable policy rather than the guaranteed renewable policy. Davis did not explain the consequence of this latter change to Connell. State Farm, through its agent, knew that Connell specifically wanted coverage for workmen's compensation injuries. Connell expected this coverage and paid for it. The policy amendment form changed the duration of payment, and as far as the unknowing reader could tell, simply changed the renewability feature. Connell could not be expected to know that his amended application was a request for coverage which excluded payment for injuries covered by workmen's compensation. In this respect, and under the facts of this case, we hold that there is a scintilla of evidence to support the misrepresentation claim filed by Connell.

Id. at 1167-68. In the present case, state the plaintiffs, the Commission asked Banks if the policy covered the unit, to which Banks allegedly replied that it did after speaking with individuals at Titan. The determination of justifiable reliance in this case largely turns on issues of factual analysis. In resolving fraudulent joinder, the court is looking solely for a potential question of fact. The court concurs that a claim that the Commission justifiably relied on the representation of Banks can be stated.

The defendants also assert that the Commission could not have justifiably relied on any statements of Banks because Banks's statements were not binding on Titan under Alabama law. In Ballard v. Lee, 671 So.2d 1368 (Ala. 1995), the Alabama Supreme Court stated that an independent insurance agent "'cannot bind the insurer and all business produced must be countersigned by a resident agent of the insurer accepting the risk.'" Id. at 1372 (quoting Ala. Code 1975, § 27-7-1(a)). Thus, the defendants contend, the alleged misrepresentations of Banks could not render it liable because it was not reasonable to rely on Banks's assertions in the first place.

The plaintiffs respond that, at the time that the representations were made, Banks was acting as Titan's agent and it was reasonable for the Commission to perceive Banks as acting as Titan's agent. The plaintiffs argue that although under normal circumstances an independent agent is not the insurer's agent under § 27-7-1(a), the independent agent may be deemed the insurer's agent under "special conditions" or "special circumstances." Ballard at 1372-73. The plaintiffs state that in the instant case Banks either contacted or represented that it had contacted Titan in order to resolve the Commission's question about coverage. For such a reason, Banks's response either was made as representative of Titan or was made on the representation that Banks was acting as a representative of Titan, in which case Banks may have fraudulently induced the Commission into believing it could rely on Banks's representations. The court finds the plaintiffs' arguments

4

feasible.[2]  The Commission could have justifiably relied upon Banks's statements.

The defendants next argue that the statements that the unit was covered under the policy were not false, even if they were unqualified as compared to the policy language. The defendants contend that George v. Associated Doctors Health & Life Ins. Co., 675 So.2d 860 (Ala. 1996), is controlling:

> After Mr. George was admitted to Mount Royal [a skilled nursing facility], James [Mr. George's attorney-in-fact] contacted the agent for Associated Doctors [Mr. George's insurance agent]. James contends that the agent told him that, as long as Mount Royal met the criteria for being a skilled nursing facility, the policy would provide coverage, for up to one year. . . .
> Payment under the Associated Doctors supplement policy was [however] contingent upon Medicare's providing coverage. . . .
> The . . . misrepresentation was alleged to have been made in 1991, after Mr. George was admitted to Mount Royal. James contends that he contacted the agent for Associated Doctors to confirm that the policy would provide coverage. The agent confirmed that Mount Royal was a skilled nursing facility and that the policy would provide coverage up to one year. As noted above, the policy does, in fact, provide coverage in a skilled nursing facility if certain conditions are met. Mr. George failed to show that the alleged representation was false.

Id. at 861-62.  Similarly, that Banks neglected to mention the conditions on which the policy would provide coverage to the unit does not render the representation false.

The plaintiffs respond that the Commission asked a particularized question about the insurance policy, with response to which a particularized answer was given. Because a definite question was asked, Banks's response was required to be correct with respect to all aspects of the inquiry. In support of this proposition, the plaintiffs cite Jarrard v. Nationwide Mut. Ins. Co., 495 So.2d 584 (Ala. 1986).

> Jarrard arranged for a meeting with Jack Green, an insurance salesman with Nationwide Mutual Insurance Company (hereinafter "Nationwide"), at which Green was to discuss medical insurance with Jarrard and his wife. Paul Chisholm, the Nationwide district sales manager, accompanied Green to this meeting, and, while there, both agents reviewed the Jarrards' then-existing policy with Blue Cross/Blue Shield of Alabama. The Jarrards told them that they wanted better coverage in several areas and a more stable premium. The Jarrards allege that Green and Chisholm told them that the policy offered by Nationwide provided coverage equal to or better than that provided in their Blue Cross policy.
> The evidence before us presents a fact issue as to whether a false representation was made, i.e., whether Green and Chisholm actually compared the Nationwide policy against the Blue Cross policy and, after learning otherwise, told the Jarrards that the Nationwide policy provided hospitalization coverage equal to, or greater than, that provided by the Blue Cross policy. The statement concerned a material existing fact in that the Jarrards were seeking to improve their existing hospitalization coverage, and the Jarrards stated that they relied on the statement when

---

[2] The above argument also resolves the issue of whether Banks could be held jointly liable with Titan for a fraudulent representation.

5

> they canceled their Blue Cross policy and bought the Nationwide policy.
> "Although the denomination of a representation as one of opinion or fact is not in itself conclusive, the ultimate determination of the true nature of a given representation depends upon all the circumstances of the particular case." Jones v. McGuffin, 454 So.2d 509, 512 (Ala.1984). According to the allegations of this case, Green and Chisholm made the statement only after they compared the two policies. The statement, therefore, was supposedly grounded in fact.

Id. a 584-86. This court agrees with the plaintiffs that the facts at issue in this case could potentially be read consistently with Jarrard, rather than George.

Finally, the defendants state that the parol evidence rule makes unactionable misrepresentations uttered prior to the creation of a contract. This argument fails of its own admission. The defendants present no evidence that the insurance policy with respect to which the Commission inquired was not in effect at the time that the inquiry was made. Without evidence that the policy was not then in effect, the court cannot resolve the parol evidence issue.

## Conclusion

For the foregoing reasons, the court finds that Banks was not fraudulently joined in the present action. The case will be **REMANDED** to the Circuit Court of Marshall County, Alabama, Guntersville Division. This court does not, of course, decide the merits of the case. It only concludes that here is a "possibility" of recovery against Banks.

This ___ day of February 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE